■ MARIE ASCHMUTAT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33993.) WILLY ASCHMUTAT, an Incompetent Person, by MARIE ASCHMUTAT, as Committee of His Person and Property, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33994.) — Appeals from judgments of the Court of Claims which dismissed claims for personal injuries sustained when claimants, on a dark, rainy night, while walking westerly upon the northerly shoulder of a State highway in the Village of Ballston Spa, and thus with their backs to westbound traffic, were struck by an automobile which approached from their rear. From the intersection at which claimants entered, the pavement of the highway was 20 feet wide for some 173 feet westerly and then abruptly narrowed to 16 feet, the reduction being 2 feet on each side. There was no sidewalk but there did exist a footpath of sorts, at least 5 feet north of the pavement and at some elevation from it. There are contradictions and inconsistencies in the trial court's findings and refusals to find, but it seems to us to have been established that claimants, with their daughter, were proceeding in single file, each 3 to 4 feet from the edge of the pavement and were successively struck, about at the point where the pavement had narrowed to its minimum width, by an automobile operated by one Garrison, a man of 75 years, who said that as he approached the narrowed portion of the highway, driving close to the edge, his vision was affected by approaching eastbound cars and that as the last of these was almost opposite he saw an object immediately ahead and felt his car bump as he struck claimant Willy Aschmutat. The trial court did not pass on the issue of the State's negligence. Claimants were found negligent in "deliberately placing themselves in this situation, wearing dark clothing on a foggy, rainy night under the conditions of which they were fully aware". The court also found that claimants, by failing to keep to the left of the center of the highway, violated subdivision 6 of section 85 of the Vehicle and Traffic Law, as then constituted, but this finding was in error as the statute applied only to pedestrians upon the paved or travelled portion of the highway. (*Miller*

v. *Hine,* 281 App. Div. 387, 389.) It is undisputed that the abrupt reduction in the width of the pavement constituted improper design and that the highway generally was in gross disrepair. It is equally clear, however, that all the conditions complained of were well known to claimants and to Garrision, all of whom made frequent use of the highway. In our view of the evidence, the defects did not affect the movement of the car and the accident must be attributed to the negligence of Garrison and of the claimants. If there was danger in the degree now asserted it was known to claimants and its existence imposed upon them the duty to use the footpath, even at the relatively minor inconvenience involved. Judgments unanimously affirmed, without costs. Settle order. [17 Misc 2d 553.]